**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HERMAN L. BARTON, JR., ) | Case No. 2:11-cv-01918-PMP-PAL |
| Plaintiff, ) | **ORDER** |
| vs. ) | (IFP App - Dkt. #4) |
| CITY OF LAS VEGAS, ) | |
| Defendant. ) | |

Plaintiff Herman L. Barton, Jr. is proceeding in this action pro se. Previously, he requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and submitted a Complaint. The court found Plaintiff's Application (Dkt. #1) was incomplete and denied it without prejudice, allowing Plaintiff thirty days to file a completed application. *See* Order (Dkt. #2). This proceeding was referred to this court by Local Rule IB 1-9.

**I.     In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

1  deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.
2  1995).

3        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
4  failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a
5  ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.
6  1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all
7  material allegations in the complaint are accepted as true and are to be construed in the light most
8  favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a
9  pro se complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Haines v.*
10 *Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

11       The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C.
12 § 1983.  To state a claim under section 1983, a plaintiff must allege that a right secured by the
13 Constitution has been violated, and the deprivation was committed by a person acting under color of
14 state law.  *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their
15 official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not
16 be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983
17 does allow suits against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26
18 (1991).

19       Plaintiff's Complaint names the City of Las Vegas as the sole Defendant and asserts that his
20 civil rights were violated when he was verbally and physically assaulted by three Las Vegas police
21 officers on November 9.[1]  He states that he was in handcuffs when the assault occurred, and although
22 his wrist was broken, the officers did not allow him to receive medical attention.  He contends there
23 were eye witnesses and a surveillance camera in the booking area of the Clark County Jail that recorded
24 the events.  Plaintiff seeks punitive damages in the amount of one million dollars.

25       A municipality, like the City of Las Vegas, can be sued under section 1983, but only for "a
26 policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's

---

[1] Plaintiff does not state the year during which the events occurred.

officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels." *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Plaintiff has not alleged any policy or custom of the City of Las Vegas violated his constitutional rights. He has not stated a claim upon which relief can be granted. His Complaint will be dismissed, with leave to amend.

If Plaintiff chooses to amend the Complaint, he is informed that the court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. Plaintiff's Complaint is DISMISSED with leave to amend.

5. Plaintiff shall have until **April 13, 2012,** to file an amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

///

6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:11-cv-01918-PMP-PAL**, above the words "FIRST AMENDED"in the space for "Case No."

7. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 13th day of March, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE